THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**MARVIN DORALE MILLER, ET AL**     *     **CIVIL ACTION NO. 06-0023**

**Versus**     *     **JUDGE JAMES**

**HERSHEL SERVATIUS, ET AL**     *     **MAGISTRATE JUDGE HAYES**

## MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand[1] filed by Plaintiffs, Marvin Dorale Miller and Angela Gray Miller (Doc. #11). After review of the law and the evidence submitted by each side, for the reasons stated below, the undersigned finds that jurisdiction in this court is proper, and Plaintiffs' Motion to Remand is **DENIED.**

## STATEMENT OF FACTS

Angela Gray Miller and Marvin Dorale Miller ("Miller"), individually and as administrator of his minor children, Raven Samone Gray and Aaron Dorale Miller, filed suit against Defendants on November 23, 2005, in the Sixth Judicial District Court for the Parish of Madison, State of Louisiana, seeking damages for injuries resulting from a motor vehicle accident which occurred on December 2, 2004.

On January 3, 2006, Defendants removed the case to this Court, basing jurisdiction on a

---

[1]As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

1

claim that the amount in controversy exceeded the federal jurisdictional amount, exclusive of interest and costs, and that there was complete diversity of citizenship because one of the defendants, the City of Tallulah, had been fraudulently joined. Plaintiffs filed the instant motion claiming that complete diversity of citizenship has not been established and that the consent of all of the Defendants to the Notice of Removal was not obtained. Defendants oppose the motion.

## **LAW AND ANALYSIS**

Subject matter jurisdiction in this case is premised on 28 U.S.C. § 1332(a)(1), "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States."

"A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388, 118 S.Ct. 2047, 2052, 141 L.Ed.2d 364 (1998). When removing a case to federal court, the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Any jurisdictional determination is based on the claims in the state court petition as they existed at the time of removal, *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

Plaintiff first claims that Defendants have not established complete diversity of citizenship in their Notice of Removal because the notice states that defendant Hershel E. Servatius ("Servatius"), is a "resident" of the State of Texas, but fails to state Servatius's

2

citizenship. In response, defendants filed a Motion to Amend the Notice of Removal clarifying that Servatius is a citizen, as well as a resident, of the State of Texas. The undersigned granted that motion; therefore, the Motion to Remand on the basis that Defendants did not establish Servatius's citizenship is **DENIED**.

Plaintiffs also contend that the case should be remanded because defendant City of Tallulah is not diverse and did not consent to the removal. Defendants' position is that the City of Tallulah was fraudulently joined and therefore its citizenship need not be considered and its consent for removal was not necessary.

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship. Those statutes have been interpreted by the courts to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff. That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of his home state and defeat removal. To prevent such shams, the "judge-imported concept of fraudulent joinder" has developed. *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968). The Fifth Circuit has recently adopted the term "improper joinder" to describe the doctrine, though it took care to note that there is no substantive difference between the two terms. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568 n. 1 (5th Cir. 2004) (*en banc*).

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Only the second way is at issue in this case. That second test asks whether the defendant has demonstrated there is no reasonable basis for the district court to

3

predict the plaintiff might be able to recover against the in-state defendants. *Smallwood*, 385 F.3d at 573; *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

The "no reasonable basis" contest may take place in two different settings. In the first, the defendant challenges the adequacy of the plaintiff's pleadings, without the submission of evidence. The court conducts a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. Any ambiguities in state law must be resolved in favor of the plaintiff. *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004).

But merely pleading a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant does not necessarily mean that the joinder of the resident defendant is proper. The second setting for the "no reasonable basis" contest permits the defendant to challenge the plaintiff's allegations and attempt to demonstrate by summary judgment-type evidence that the plaintiff is unable to prove all of the facts necessary to prevail. The court has discretion in those circumstances to pierce the pleadings and analyze the improper joinder claim based on that evidence. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

Defendants argue that the City of Tallulah has been named a party in an improper attempt to defeat diversity jurisdiction first because it has immunity from Miller's claims and second because, even if the City of Tallulah did not have immunity protection, Miller has no factual basis for a claim against the City of Tallulah.

The record in these proceedings shows the following facts: On December 2, 2004, a vehicle driven by Servatius collided with a vehicle that was driven by Miller, but owned by Michael Fortenberry ("Fortenberry"). In the original complaint, Miller alleged that the City of

4

Tallulah was negligent because it failed "to dispatch emergency vehicles in sufficient time to prevent the vehicle of plaintiff Marvin Dorale Miller from being engulfed by fire and thereby causing plaintiff Marvin Dorale Miller additional mental and physical pain and suffering."

With their Notice of Removal, Defendants filed Miller's recorded statement regarding the accident. In his statement, Miller stated that his truck turned over on its right side and caught on fire. When asked about his injuries, Miller responded by stating that his left arm was "broke in a couple spots." When asked if he had any additional injuries besides his left arm, Miller responded, "Ah, so far, that's the only (inaudible) injuries that I got, you know." Miller's recorded statement was taken 25 days after the accident. Miller stated that his truck caught on fire and that he broke his arm, but he did not claim that he was burned or that he received any physical injuries as a result of the truck's burning. Thus, there is simply no causal connection between any injury claimed by Miller and the City of Tallulah's alleged failure to arrive on the scene in time to prevent the fire.

Furthermore, because he was not its owner, Miller has no cause of action for mental or emotional damages resulting from damage to the vehicle. "An award for mental anguish as a result of damage to property is permitted ... [when] [t]he property was damaged at a time in which the owner thereof is present or situated nearby and the owner experiences trauma as a result." *Heard v. Affordable Movers, Inc.*, 917 So.2d 722, 725-26 (La.App. 2 Cir. 2005). The record clearly shows that Fortenberry, not Miller, was the owner of the vehicle, and therefore Miller has no cause of action for damage to it.

This Court finds that Mr. Miller has no cause of action against the City of Tallulah and that the City of Tallulah has been improperly joined in an effort to defeat diversity. Fraudulently

5

joined defendants need not consent to removal. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Accordingly, Plaintiffs' Motion to Remand is **DENIED**.

Furthermore, given the undersigned's findings, it will be recommended that the plaintiff be ordered to show cause why the City of Tallulah should not be dismissed from this matter with prejudice.

**THUS DONE AND SIGNED** this 20th Day of March, 2006, in Monroe, Louisiana.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE